IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NOS. 

AP-76,730, AP-76,731, AP-76,732, AP-76,733, 

AP-76,734, AP-76,735, AP-76,736





EX PARTE MARCUS ANTRAY THOMAS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. W06-65061-R, W06-65539-R, W06-65970-R, W06-73553-R, W06-
73554-R, W06-87892-R, W06-65062-R IN THE 265th DISTRICT COURT

FROM DALLAS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted four times
of possession of a controlled substance with intent to deliver, once of possession of a controlled
substance, and twice of delivery of a controlled substance and sentenced to ten years' imprisonment
in each cause. 

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because he
failed to timely file notices of appeal. We remanded these applications to the trial court for findings
of fact and conclusions of law.

 The trial court has determined, after conducting a live evidentiary hearing, that trial counsel
failed to timely file notices of appeal. We find that Applicant is entitled to the opportunity to file 
out-of-time appeals of the judgments of conviction in Cause Nos.W06-65061-R, W06-65539-R,
W06-65970-R, W06-73553-R, W06-73554-R, W06-87892-R, W06-65062-R from the 265th Judicial
District Court of Dallas County. Applicant is ordered returned to that time at which he may give
written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. 
Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be
calculated as if the sentences had been imposed on the date on which the mandate of this Court
issues. We hold that, should Applicant desire to prosecute any appeals, he must take affirmative
steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court
issues.

 The Applicant's remaining claims are dismissed.


Delivered: February 22, 2012

Do Not Publish